## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DEMETRIUS MARWIN-HOLDER,   :
                               :
        Plaintiff,        :
                               :
      v.                :       Civil Action No. 15-112 (UNA)
                               :
RONALD C. MACHEN, JR., *et al.*,   :
                               :
        Defendants.    :

## MEMORANDUM OPINION

The plaintiff's claims arise from alleged acts of misconduct by the presiding judges, prosecutors and defense counsel associated with a particular criminal case, *United States v. Class*, No. 13-cr-253 (D.D.C. filed September 3, 2013). *See* Compl. at 2 (page numbers designated by the Court). According to the plaintiff, two judges from this Court "did aid and abet in the violation of [S]upreme Court Ruling and did disregard the U.S. Constitution and Laws of the United States . . . by giving aid to [the remaining defendants] by suppressing, concealing and obstructing due process of law on Mr. Class." *Id*. at 3. The judges, along with the other named defendants "conspire[d] to . . . defraud Mr. Class and the public of their liberty as prescribed by the Rule of Law of this Nation." *Id*. at 4. Plaintiff further alleges that defendants' "misconduct and abuse of power has cost the American Private Citizen untold expense of court cost abuse." *Id*. at 5. He thus seeks an award of "damages" including "wages received, benefits, expenses, and any and all claims under any bonds, surety, performance or bid bonds and any federal account attached to any and all their victims and not limited to probation, imprisonments and or other restrictions at the cost of the Private American Citizen/Public." *Id*.

"Article III of the United States Constitution limits the judicial power to deciding 'Cases and Controversies.'" *In re Navy Chaplaincy*, 534 F.3d 756, 759 (D.C. Cir. 2008) (quoting U.S. Const. art. III, § 2), *cert. denied*, 556 U.S. 1167 (2009). A party has standing for purposes of Article III if his claims "spring from an 'injury in fact' -- an invasion of a legally protected interest that is 'concrete and particularized,' 'actual or imminent' and 'fairly traceable' to the challenged act of the defendant, and likely to be redressed by a favorable decision in the federal court." *Navegar, Inc. v. United States*, 103 F.3d 994, 998 (D.C. Cir. 1997) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Here, the plaintiff neither shows that he has suffered any injury as a result of defendants' alleged misconduct, nor articulates his connection to Mr. Class or Mr. Class's criminal case. At most plaintiff alleges a hypothetical or conjectural injury, *see Lujan*, 504 U.S. at 560, which does not satisfy the "injury-in-fact" requirement of standing.

The complaint therefore will be dismissed for lack of subject matter jurisdiction. An Order is issued separately.

/s/

                                TANYA S. CHUTKAN
                                United States District Judge

DATE: February 18, 2015